BACHMANN v. SPINGHEL et al.    (No. 699 E.)

Supreme Court, Appellate Division, Second Department.    November 6, 1914.)

1. MECHANICS' LIENS (§ 271*)—PROCEEDINGS FOR FORECLOSURE—COMPLAINT—
    SUFFICIENCY.
        Lien Law (Consol. Laws, c. 33) § 43, declares that those provisions of
    the Code of Civil Procedure relating to the foreclosure of mortgages shall
    be applicable to proceedings to enforce mechanics' liens.  Code Civ. Proc.
    § 1629, provides that the complaint in an action to foreclose a mortgage
    must state whether any other action has been brought to recover any
    part of the mortgage debt, and, if so, whether any part has been col-
    lected.  *Held*, that the complaint to enforce a mechanic's lien is defective,
    where it did not state whether any other action had been brought to re-
    cover any part of the debt for which the lien had been filed.
        [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–
    513; Dec. Dig. § 271.*]

2. MECHANICS' LIENS (§ 139*)—PROCEEDINGS TO ENFORCE—NOTICE—SUFFI-
    CIENCY.
        Under Lien Law, § 9, subd. 4, providing that the notice of lien shall
    state the labor performed or to be performed and the agreed price thereof,
    a lien notice which stated that the labor performed was carpenter work
    as was the labor to be performed, that the agreed price of the labor was
    $850, and that the amount unpaid was $550, but made no specific allega-
    tions as to the work done or to be done, is defective.
        [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 234–236;
    Dec. Dig. § 139.*]

Appeal from Special Term, Queens County.

Action by Jacob Bachmann against Mathilde Spinghel and others.
From a judgment dismissing the complaint, plaintiff appeals.  Af-
firmed.

The opinion of Mr. Justice Blackmar is as follows:

This is a motion made upon the pleadings to dismiss the complaint for in-
sufficiency.  The action was brought to foreclose a mechanic's lien.  The de-
fendants claim that the complaint does not state a cause of action, for two
reasons:  (1) Because it fails to state whether any other action has been
brought to recover any part of the debt for which the lien was filed; and
(2) because the notice of lien is fatally defective, in that it does not state
how much of the labor for which the lien was filed has been actually per-
formed.

[1] I think the complaint is defective in both particulars.  Section 43 of
the Lien Law provides that the provisions of the Code of Civil Procedure re-
lating to actions for the foreclosure of a mortgage upon real property apply
to actions in a court of record to enforce a mechanic's lien.  Section 1629 of
the Code of Civil Procedure provides that the complaint in an action to fore-
close a mortgage upon real property "must state, whether any other action
has been brought to recover any part of the mortgage debt, and, if so, wheth-
er any part thereof has been collected."  As the complaint does not contain
the allegation so required, it is insufficient to state a cause of action for the
foreclosure of a lien; and as the complaint does not state a cause of action
at law against the moving defendants, it is insufficient as against them.

[2] I am also of the opinion that the notice of lien is insufficient.  The
statute requires that the notice of lien shall state "the labor performed or to
be performed, or materials furnished or to be furnished and the agreed price
or value thereof."  Subdivision 4 of section 9 of the Lien Law.  This sec-
tion requires that the complaint shall state the amount of labor or materials
actually performed and furnished, as distinguished from that to be performed
or furnished.  As is stated in Finn v. Smith, 186 N. Y. 465, 79 N. E. 714, any

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notice of lien "must state either explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of filing thereof." There is no question in this case as to materials furnished, and therefore the inquiry is whether the notice of lien states the value or agreed price of the labor performed at the time of the filing thereof. The notice states that "the labor performed was carpenter work, * * *" and that "the labor to be performed is carpenter work." There was therefore both labor performed and labor to be performed. The notice then states: "The agreed price and value of said labor is eight hundred and fifty ($850) dollars." That means that the agreed price and value of the labor performed and to be performed was $850; and although the validity of the lien must be tested by the face thereof, yet in this case, if we refer to the contract annexed to the complaint, we find that the inference drawn from a reading of the face of the lien is correct, and that the total contract price is $850. The notice continues: "The amount unpaid to the lienor for such labor and material is five hundred and fifty ($550) dollars." The only interpretation of this notice is that the sum of $550 is unpaid upon the total amount of $850, which is the agreed value of the labor, both performed and to be performed. It is entirely consistent with the wording of this notice that $300 worth of labor has been performed and is paid for, and also that $550 in value of labor still unperformed and unpaid for. It is true that the notice of lien must be liberally construed, but no possible construction of this notice will inform a reader of the amount of labor performed at the time it was filed. We guess that the plaintiff has done $850 worth of work and that none of it has been paid for; but it is purely a guess, and not a fact, either explicitly stated in the notice or plainly inferable therefrom.

It follows that the motion for judgment dismissing the complaint as to the moving defendants must be granted, with $10 costs. As I have held that the lien is fatally defective, it would be idle to grant leave to amend.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Robert E. Moffett, of Brooklyn, for appellant.
Jacob Kirschenbaum, of New York City, for respondents.

PER CURIAM. Judgment and order affirmed, with costs, upon the opinion of Mr. Justice Blackmar at Special Term.

---

(164 App. Div. 117)

THOMPSON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. October 30, 1914.)

1. RAILROADS (§ 305*)—INJURIES FROM CONSTRUCTION—SIGN AT ROAD CROSSING—DEGREE OF CARE.

The obligation of a railroad company to maintain its road crossing signs in such a manner as not to frighten horses is only to exercise ordinary care and caution.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 968–971; Dec. Dig. § 305.*]

2. RAILROADS (§ 337*) — NEGLIGENCE FROM CONSTRUCTION — SIGN AT ROAD CROSSING—PROXIMATE CAUSE.

Where a railroad crossing sign was caused to rattle by a sudden gust of wind at just the time when plaintiff was driving over the crossing, thereby frightening his horse and causing injuries to plaintiff, the ordinary care required of the railroad company would not have led it to apprehend the result, and it is therefore not liable for the injuries.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes